1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT, a
foreign insurer,

                Plaintiff,

    v.

LAKESIDE EQUIPMENT
CORPORATION, a foreign corporation,
and ADMIRAL INSURANCE
COMPANY, a foreign insurer,

                Defendants.

CASE NO. 3:12-cv-05730

ORDER DENYING DEFENDANT
LAKESIDE EQUIPMENT
CORPORATION'S MOTION TO
BIFURCATE AND STAY

AND ALL RELATED COUNTERCLAIMS
AND CROSS-CLAIMS

THIS MATTER is before the Court on Defendant Lakeside Equipment Corporation's

Motion to Bifurcate and Stay (Dkt.# 42).  Defendant Lakeside asks the Court to bifurcate

Plaintiff Travelers' claims against it and its counterclaims against Travelers from the crossclaims

asserted against Lakeside by Defendant Admiral.  Bifurcation is not necessary to prevent

prejudice to Lakeside's defense of Admiral's claims against it, and bifurcation would not make

resolution of the case more efficient.  The Motion is DENIED.

ORDER DENYING DEFENDANT LAKESIDE
EQUIPMENT CORPORATION'S MOTION TO
BIFURCATE AND STAY - 1

# I.   BACKGROUND

This declaratory judgment action arises out of an insurance policy dispute between Travelers and Lakeside over whether Travelers has already fulfilled its obligations to Lakeside as its insurer in a property damage claim by the City of Shelton.  Travelers now seeks a declaratory judgment that Travelers had the right to settle the claim tendered by Lakeside, that Travelers fulfilled its obligations to its insured Lakeside, and that Travelers owes no duty to insurer Admiral.

The City of Shelton hired Pease & Sons to construct and install improvements to the City's Satellite Water Reclamation Plant ("SWRP").  On August 14, 2008, Pease hired Lakeside to provide a part of the project known as Rotating Drum Screens.  Pease installed these screens and the SWRP became operational in 2009.

A disputed defect in the screens allowed material to pass through the screens, damaging the SWRP filtration system.  The City asserted claims—but did not file a lawsuit—against Pease and Lakeside.  Pease tendered the claim to its insurers, Phoenix and Admiralty.  Lakeside tendered the claim to its CGL insurer, Travelers. Travelers accepted the defense without a reservation of rights.

The insurers promptly negotiated a settlement of the City's claims against Lakeside and Pease.  Travelers paid the City $349,516.77 on behalf of Lakeside, and the City released Lakeside from all claims that had accrued at that time arising out of the manufacture and installation of the screens.[1]  Phoenix paid the City $224,516.77 on behalf of Pease, and Admiral

---

[1] Lakeside claims that the release negotiated by Travelers was deficient by leaving them open to the possibility of future claims from the City.

ORDER DENYING DEFENDANT LAKESIDE
EQUIPMENT CORPORATION'S MOTION TO
BIFURCATE AND STAY - 2

1  (Pease's professional liability insurer) paid the City $125,000 on behalf of Pease.  Shelton

2  presumably released Pease from its claims as well.

3      For reasons that are not entirely clear, Travelers filed this declaratory action against

4  Lakeside, seeking a determination that Travelers had the right to settle the City's claim against

5  Lakeside, and a determination that it owes Lakeside no further defense or indemnity under its

6  policy.  It later sued Admiral in the same suit, seeking a preemptory determination that Travelers

7  is not obligated to arbitrate with Admiral or to refund Admiral any of the money it contributed to

8  the settlement.  Admiral alleges its contribution to the settlement was expressly conditioned on a

9  subsequent arbitration of the actual liability between Pease and Lakeside.  It claims that,

10 depending on the outcome, it would be permitted to recover all or part of its contribution.

11     Lakeside asserted a counterclaim against Travelers for bad faith, including violations of

12 the Washington Administrative Code, Washington's Consumer Protections Act, and

13 Washington's Insurance Fair Conduct Act, claiming generally that Travelers mishandled the

14 City's claim and the settlement.  Lakeside also seeks a judicial determination that Travelers has a

15 duty to defend and indemnify Lakeside from Admiral's claims against it, which arise out of the

16 City's original claim.

17     Meanwhile, Admiral has asserted a subrogation crossclaim against Lakeside, presumably

18 claiming that it paid too much to settle the City's claims against Pease, and looking to Lakeside

19 for reimbursement. Lakeside now seeks to bifurcate Travelers' claims and its own bad faith

20 counterclaims from Admiral's crossclaim against Lakeside, and to stay the former claims

21 pending resolution of the latter.   Lakeside argues that bifurcation is warranted to avoid the

22 prejudice that would result from litigating issues of liability and coverage in the same suit.

23

24

ORDER DENYING DEFENDANT LAKESIDE
EQUIPMENT CORPORATION'S MOTION TO
BIFURCATE AND STAY - 3

1    Travelers and Admiral both oppose bifurcation because it would inconvenience them, and they

2    argue that Lakeside has not demonstrated that it will be prejudiced if the claims proceed together.

3                   **II.     DISCUSSION**

4       **1.  Bifurcation and Stay Standards**

5         Under FRCP 42(b), the court has discretion to order issues be tried separately for

6    convenience, to avoid prejudice, or to expedite and economize, as long as the right to a jury trial

7    is preserved.  Bifurcation is beneficial in "…deferring costly and possibly unnecessary

8    proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. S.*

9    *California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  A trial court's decision on

10   bifurcation is reviewed for abuse of discretion, and will not be reversed if it rests on tenable

11   grounds.  *Del Rosario v. Del Rosario*, 116 Wash. App. 886, 901, 68 P.3d 1130, 1137 (2003) *aff'd*

12   *in part, rev'd in part,* 152 Wash. 2d 375, 97 P.3d 11 (2004).

13        A court is empowered to stay proceedings based on its inherent ability to "control the

14   disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

15   for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936).

16   A court's decision to grant a stay is discretionary, and will be reviewed for abuse of discretion.

17   *Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007).

18       **2.  Bifurcation is not necessary to protect Lakeside's interests and would not be**

19      **efficient**.

20        Lakeside argues correctly that it is inappropriate for an insurer to seek a declaratory

21   action against its insured when doing so would prejudice its insured's defense in the underlying

22   liability claim. "An insurer may litigate a coverage action during the pendency of the tort

23   litigation unless the declaratory-judgment action might prejudice its insured's tort defense." *See*

24

1    Thomas V. Harris, *Washington Insurance Law*, § 14–4 (1995) (citing *Western Nat'l Assur. Co. v.*

2    *Hecker*, 43 Wn. App. 816, 821 22 n.1, 719 P.2d 954 (1986)).

3           It would indeed be inappropriate to litigate Travelers' obligations to Lakeside if doing so

4    would compromise Lakeside's defense against Admiral's liability claims.  However, bifurcation

5    is not necessary to avoid this prejudice.  Travelers is incurring costs for defending Lakeside

6    against Admiral's cross-claims and has a legitimate interest in resolving its duties to Lakeside

7    sooner rather than later.  The Court will resolve the declaratory action first, and Travelers has

8    already submitted a motion for summary judgment on this issue, while mitigating Admiral's

9    access to any discovery relating to the Travelers/Lakeside claim that Admiral would not have

10   had access to in a separate suit.  The parties will then litigate Admiral's crossclaim against

11   Lakeside.  Discovery and Motion practice related to the bad faith counterclaim will await the

12   resolution of the cross claim.  Litigating the case in this order will allow Travelers to resolve its

13   coverage question first, while permitting Lakeside to defend against Admiral's crossclaim

14   without jeopardizing that defense by simultaneously litigating the bad faith counterclaim.

15   Travelers' claim against Admiral can be resolved concurrently, unless and until an insured

16   persuades the court that that too should await the resolution of the crossclaim.

17          Bifurcation in this case would not be efficient, nor is it necessary to curb possible

18   prejudice, as long as Lakeside's counterclaims for bad faith are litigated after Admiral's

19   crossclaim.  The Court will marshal the case in a logical order to resolve necessarily interwoven

20   issues and avoid undue prejudice.

21

22

23

24

1

### III.   CONCLUSION

2   Defendant Lakeside's Motion to Bifurcate and Stay (Dkt.# 42) is DENIED.

3   IT IS SO ORDERED.

4

5   Dated this 24th day of June, 2013.

6

7   _____
    RONALD B. LEIGHTON
8   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING DEFENDANT LAKESIDE
EQUIPMENT CORPORATION'S MOTION TO
BIFURCATE AND STAY - 6